UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER G. and CHARLES G.,

    Plaintiffs,

v.

ART CENTER, INC., d/b/a NORTHWEST COLLEGE OF ART, et al.,

    Defendants.

CASE NO. C04-5011JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss Plaintiff Jennifer Grentner's cause of action for emotional distress. (Dkt. # 149). Neither party has requested oral argument, and the court finds the motion appropriate for disposition on the basis of the parties' briefing and accompanying declarations. For the reasons stated below, the court DENIES Defendants' summary judgment motion.

## II. BACKGROUND

The court has revisited the background of this case several times in ruling on the parties' previous motions, and thus will not repeat that information here. This motion pertains to Plaintiff's claim that the Defendants, Northwest School of Art ("Northwest"), Craig Freeman, and Amy Weber, inflicted emotional distress on her in investigating

ORDER – 1

allegations that led to her suspension from Northwest and in ostracizing her when she returned to the school after her suspension.

### III.  ANALYSIS

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must present significant and probative evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

Defendants raise only one challenge to Ms. Grentner's infliction of emotional distress claim - that one cannot maintain an action for the infliction of emotional distress when one also alleges the breach of a contractual relationship.  In addition to Ms. Grentner's emotional distress claim, she alleges that Northwest breached its enrollment contract with her.

Defendants' argument has no basis in law.  Their motion cites Gaglidari v. Denny's Restaurants, Inc., 815 P.2d 1362, 1374 (Wash. 1991), which establishes that a plaintiff cannot recover emotional distress damages for a breach of contract.  The Gaglidari court did not hold that a plaintiff cannot bring a tort claim for the infliction of emotional distress in addition to a contract claim.  Defendants admit as much in their

ORDER – 2

reply brief, but dismiss this as a "quirk" that should not preclude summary judgment. Defs.' Reply at 5. The court disagrees. Defendants have cited no authority for the notion that a plaintiff cannot simultaneously maintain claims for breach of contract and infliction of emotional distress. Absent such authority, their motion is without merit. Plaintiff claims that Defendants breached Northwest's enrollment contract, and that they also caused emotional distress. To the extent that the claims overlap, the court can ensure at trial that Plaintiffs do not obtain a double recovery, but Defendants do not even attempt to argue in their motion that her two claims are based on identical facts.

In an effort to resuscitate their motion, Defendants point to the court's prior summary judgment order (Dkt. # 103) dismissing Plaintiff's claim for negligent investigation. In that order, the court cited Washington law establishing that there is no general duty to investigate, and noted that the enrollment contract here did not create such a duty. By contrast, there is a wealth of Washington authority establishing the general duty not to inflict emotional distress on others, either intentionally or negligently. Indeed, the court cited that authority in its prior summary judgment order when it dismissed Ms. Grentner's father's claim for infliction of emotional distress. If Defendants breached that general duty, then they will be liable in tort.

Before concluding, the court remarks that the parties continue to bloat the record before the court with unnecessary material. The court has cautioned the parties about this in prior orders. This time, Plaintiff is the offender. In response to Defendants' five-page summary judgment motion, Plaintiff offered an eighteen-page response. Plaintiff devoted much of that response to a recitation of facts not relevant to the disposition of the motion. That recitation included, as it usually does, hyperbolic characterizations of this action. The court has grown weary of these, and cautions counsel to avoid them. Plaintiff asserts that she is an "innocent student," that Northwest made her a "pariah," that the aftermath of this case "hang[s] as a specter" over her future, that she was made to feel like "a

ORDER – 3

'witch' in Salem," that her life turned into "an academic and social hell," and more. Plaintiff is free to view the facts as she wishes, but her counsel should understand that such emotional appeals have little place in a brief seeking judgment as a matter of law. Indeed, they distract the court from the merits of the motion.  If Plaintiff wishes to compare her treatment to the death by burning of suspected witches in Seventeenth Century Massachusetts, she should reserve that comparison for the jury.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for summary judgment (Dkt. # 149).

DATED this 22nd day of July, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 4